**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4625**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOMINIQUE OUTLAW,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.    Irene M. Keeley, District Judge. (1:09-cr-00123-IMK-JSK-2)

_____

Submitted:  January 5, 2012            Decided:  February 8, 2012

_____

Before MOTZ, KING, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Brandon S. Flower, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Dominique Outlaw for aiding and abetting Jonathan Heiligh in the assault of a fellow inmate with a deadly weapon (Count One); assaulting a fellow inmate with a deadly weapon, specifically, a "shank" (Count Two); and assaulting a fellow inmate with a deadly weapon, specifically, a "shod foot" (Count Three), all in violation of 18 U.S.C. § 113(a)(3), 7(3) (2006). Following a jury trial, Outlaw was convicted of all counts and sentenced to fifty-seven months' imprisonment, and he now appeals. Finding no reversible error, we affirm.

On appeal, Outlaw first contends that his convictions for two counts of assault with a deadly weapon violate the Double Jeopardy Clause of the Fifth Amendment. Outlaw argues that the charged conduct constitutes a single, continuous offense permitting conviction for only one violation of 18 U.S.C. § 113. Therefore, Outlaw asserts, the superseding indictment was multiplicitous in violation of the Double Jeopardy Clause.

An indictment is multiplicitous if it charges the same crime in two counts, subjecting the defendant to two punishments for the same crime in violation of the Double Jeopardy Clause. United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005). We review a double jeopardy claim raised for the first time on

2

appeal for plain error.  Brecht v. Abrahamson, 507 U.S. 619, 635 (1993); United States v. Sutton, 961 F.2d 476, 479 (4th Cir. 1992).  When a challenge is urged for the first time on appeal, "[i]ndictments and informations are construed more liberally . . . in support of the sufficiency."  Sutton, 961 F.2d at 479.

"An indictment may divide a course of conduct into separate assaults only when the Government demonstrates that 'the actions and intent of [the] defendant constitute distinct successive criminal episodes, rather than two phases of a single assault.'"  United States v. Thomas, No. 11-4065, slip op. at 8 (4th Cir. Jan. 25, 2012) (published).  Reviewing only for plain error, however, we cannot say that "under current law" Outlaw's actions involving two different weapons "obvious[ly] or clear[ly]" constituted a single assault.  United States v. Knight, 606 F.3d 171, 177 (4th Cir. 2010).

Outlaw next argues that the district court erroneously denied his motion to dismiss the superseding indictment based on false testimony before the grand jury.  According to Outlaw, Special Investigative Agent Petrisko, who testified based upon his review of video surveillance footage capturing the prison assault, provided false grand jury testimony regarding the alleged assault.  Outlaw disputes Agent Petrisko's depiction of the events, arguing that his testimony "falsely exaggerated the strength of the Government's case."

3

When reviewing the denial of a motion to dismiss an indictment, we review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Pasquantino, 305 F.3d 291, 294 (4th Cir. 2002). A court may exercise its supervisory power to dismiss an indictment because of misconduct before the grand jury if the misconduct "amounts to a violation of one of those few, clear rules which were carefully drafted and approved by [the Supreme Court] and by Congress to ensure the integrity of the grand jury's functions." United States v. Williams, 504 U.S. 36, 46 (1992) (internal quotation marks and citation omitted).

If a defendant establishes such a violation, dismissal of an indictment is only warranted if the violation resulted in prejudice to the defendant. Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988). Such prejudice may be shown "only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." Id. However, "the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment." Id. at 261; Costello v. United States, 350 U.S. 363-64 (1956) (holding that "[i]t would run counter to the whole history of the grand jury institution" to permit an indictment to be challenged "on the

4

ground that there was inadequate or incompetent evidence before the grand jury.").

We find that the district court did not err in denying Outlaw's motion to dismiss the superseding indictment based upon false testimony. As the district court correctly noted, Outlaw's argument that dismissal of the superseding indictment was warranted because Agent Petrisko provided false grand jury testimony amounts to "nothing more than a disagreement with the witness's opinions of the facts of the case."

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED